**In re: PROPERTY ASSESSED CLEAN ENERGY (PACE) PROGRAMS LITIGATION.**

**MDL No. 2203.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 8, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**[*] Defendant Federal Housing Finance Agency (FHFA)[1] has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Northern District of California or, alternatively, the District of District of Columbia. FHFA's motion is supported by defendants the Office of the Comptroller of the Currency and director John G. Walsh (collectively OCC). Plaintiffs in all actions oppose centralization and, alternatively, support centralization in the Northern District of California. Plaintiff in a potential tag-along action pending in the Eastern District of New York opposes centralization and, alternatively, supports selection of the District of District of Columbia as the transferee district.

This litigation currently consists of six actions listed on Schedule A and pending in three districts: four actions in the Northern District of California, and one action each in the Southern District of New York and the Northern District of Florida.[2]

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. The question of whether to centralize this litigation is, however, somewhat of a close one. On one hand, and favoring centralization, the actions do contain common facts relating to FHFA, Fannie Mae, and Freddie Mac and OCC's statements and advisories, which plaintiffs contend thwarted their respective PACE program.[3] All plaintiffs challenge the propriety of FHFA and the related entities' statements and advisories regarding the PACE programs' risks to the soundness and safety of Fannie Mae and Freddie Mac's mortgage holdings.

On the other hand, several circumstances weigh against centralization. Only three of the seven cases are pending in districts outside California, and the tide of this litigation appears to have crested. Upon questioning at oral argument, the parties did not anticipate the filing of any additional potential tag-along actions. The underlying common facts in these actions—i.e., FHFA and related defendants' conduct that allegedly threatens the viability of first-lien PACE programs—are largely undisputed, and plaintiffs contend that certain actions will require an inquiry into individualized facts surrounding particular PACE programs and/or particular state law claims.

With common factual issues largely undisputed and primarily common legal ques-

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]. FHFA was created by the Housing and Economic Recovery Act of 2008 to, among other things, supervise and regulate the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). 12 U.S.C. § 4501 *et seq.*

[2]. The Panel has been notified that an additional related action has been filed in the Eastern District of New York.

[3]. Through PACE programs, state and local governments finance the initial costs of homeowners' energy retrofits, and homeowners repay those costs, with interest, over a period of years through city and county tax assessments added to their property tax bill. While there are many ways to structure a PACE program, the programs at issue in this litigation provide that PACE liens have priority over all mortgages, including those that predate the PACE financing.

tions left to be decided, we turn to considerations of the convenience of the parties in our Section 1407 analysis. Here, the bulk of the parties—plaintiffs in all actions—oppose centralization. As stressed at oral argument, plaintiffs are already engaging in cooperative efforts among themselves to address common issues and to lessen any duplicative activity; plaintiffs also appeared receptive to informal efforts to coordinate the litigation with defendants. Centralization threatens to inconvenience plaintiffs by disrupting this preexisting cooperative relationship. Finally, the actions are at varied procedural stages. The four California actions are already proceeding apace with key issues presented in defendants' motion to dismiss already briefed in a coordinated manner before a single judge. The remaining actions are at their earliest stages. Centralization could disrupt, or at least delay, the progress of the California actions. In these circumstances, we are not persuaded that centralization is appropriate.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

MDL No. 2203 — **IN RE: PROPERTY ASSESSED CLEAN ENERGY (PACE) PROGRAMS LITIGATION**

*Northern District of California*

*City of Palm Desert v. Federal Housing Finance Agency, et al.,* C.A. No. 3:10–04482

*People of the State of California, ex rel., et al. v. Federal Housing Finance Agency, et al.,* C.A. No. 4:10–03084

*County of Sonoma v. Federal Housing Finance Agency, et al.,* C.A. No. 4:10–03270

*Sierra Club v. Federal Housing Finance Agency, et al.,* C.A. No. 4:10–03317

*Northern District of Florida*

*Leon County Florida, et al. v. Federal Housing Finance Agency,* C.A. No. 4:10–00436

*Southern District of New York*

*Natural Resources Defense Council, Inc. v. Federal Housing Finance Authority, et al.,* C.A. No. 1:10–07647