IN RE: KEITH RUSSELL JUDD VOTING RIGHTS LITIGATION

Keith Russell Judd v. Secretary of State of Nevada, et al., D. Nevada, C.A. No. 2:11–00853

Keith Russell Judd v. State Election Board of New York, et al., N.D. New York, C.A. No. 1:11–00571.

MDL No. 2276.

United States Judicial Panel on Multidistrict Litigation.

Oct. 7, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, and MARJORIE O. RENDELL, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** \* Pursuant to 28 U.S.C. § 1407, plaintiff in the District of Nevada and Northern District of New York actions, proceeding *pro se,* moves to centralize this litigation in the Western District of Arkansas.[1] Plaintiff also notified the Panel of over 30 related actions that he filed in various federal districts. Plaintiff aspires to appear on presidential primary ballots for the 2012 election. In each action he challenges the ballot placement provisions of the respective states and the laws prohibiting persons convicted of certain crimes from voting in federal elections. State defendants from Florida, Mississippi, and New Hampshire responded in opposition to the motion before the cases filed in federal districts in their respective states were dismissed.

After considering all argument, we will deny the motion. To the extent any of the actions or related actions proceed, any common factual issues are neither sufficiently numerous nor complex to warrant centralization. The overriding question in each action is one that is largely legal in nature, making these actions unsuitable for centralization. *See, e.g., In re Property Assessed Clean Energy (Pace) Programs Litig.,* 764 F.Supp.2d 1345 (J.P.M.L.2011) (denying motion for centralization where common factual issues were largely undisputed and primarily common legal questions were left to be decided). The rapid disposition of numerous related actions brought by movant further suggests that centralization of the remaining actions is unnecessary.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

\* Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

1. The motion initially encompassed 24 actions, 22 of which have since been closed, including actions in the District of Arizona, Western District of Arkansas, District of New Hampshire, and Southern District of West Virginia that had been on the hearing session order.